UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
JOHNATHAN JOHNSON,

                         Plaintiff,

                                                               9:07-CV-0158
     v.                                                        (LEK/GHL)

B. CONNOLLY, Doctor, Upstate Correctional Facility, *et al.*,

                         Defendants.
-----------------------------------------------------------------------

**APPEARANCES:**                           **OF COUNSEL:**

JOHNATHAN JOHNSON
89-A-1042
Plaintiff, *pro se*

HON. ANDREW M. CUOMO            CHRISTINA L. ROBERTS-RYBA, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

## DECISION AND ORDER

     Presently before the Court is a Motion for injunctive relief and a Motion to supplement the Complaint filed by Johnathan Johnson ("plaintiff" or "Johnson"). Johnson is presently confined at Upstate Correctional Facility.

**I.**        **Background.**

     This action was filed on February 12, 2007. The events giving rise to this action occurred while plaintiff was incarcerated at Upstate Correctional Facility. In his Complaint, plaintiff alleges that the defendants took vitamin E lotion, hydrocortisone ointment, nasal spray, multi vitamins, and another gel from him when he was transferred into Upstate Correctional Facility, and the defendants have refused to order these items for plaintiff's use

while he is at Upstate. Dkt. No. 1.

Plaintiff filed his Motion for a preliminary injunction seeking an order "enjoining defendants R.K. Woods and C. Atkinson, Nurse with continue (*sic*) Disciplinary misbehavior reports which are false by his subordinates and denial of law library access, and proper medical treatment, etc."  Dkt. No. 15.  Thereafter, plaintiff filed a Motion to supplement the pleadings.  Dkt. No. 18.  Defendants filed a cross-motion to dismiss and in response to plaintiff's Motion for injunctive relief.  Dkt. No. 21.  Plaintiff filed a response (Dkt. No. 22) and defendants filed a reply.  Dkt. No. 23. The motion to dismiss is presently pending before Magistrate Judge Lowe for a Report and Recommendation.

## II.    Motion for Injunctive Relief.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well settled in this Circuit.  As the Second Circuit noted in Covino v. Patrissi, 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.  Id. at 77 (affirming district court's denial of inmate's request for preliminary injunction); see also Roucchio v. LeFevre, 850 F.Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

In his Motion, plaintiff alleges that the Superintendent's subordinates have threatened plaintiff that he would be receiving "numerous false misbehavior reports and will not be receiving anything else" and would be denied access to law library materials and notary services necessary to pursue this lawsuit.  Dkt. No. 15.  Plaintiff does not state who these

2

subordinates are or whether they are named parties in this action. Plaintiff further alleges that Superintendent Woods has repeatedly found no misconduct on the part of corrections officers against whom plaintiff has filed grievances.  Id.  Finally, plaintiff alleges that the Superintendent came to his cell on April 28, 2007 and whispered "Dismiss it."  Id.

Initially, the Court notes that the sole focus of plaintiff's Complaint is the denial of certain medications that the medical staff have allegedly refused to prescribe for plaintiff. However, this Motion for injunctive relief makes no factual assertions with respect to what medical care is, or is not, being provided at the present time, nor does it request that any specific action be ordered, performed, or enjoined with respect to the provision of medical care to Plaintiff.  Thus, the claims asserted with respect to denial of grievances, and access to library and notary set forth in the Motion are unrelated to the claims set forth in plaintiff's Complaint.  Accordingly, the Motion must be denied with respect to such unrelated claims. See United States v. Regan, 858 F.2d 115 (2d Cir. 1988).

Similarly, with respect to the unidentified subordinates' threatening behavior, the Court notes that allegations of future injury without more do not establish a real threat of injury.  Gibson v. Walker, 95-CV-1649, (N.D.N.Y. December 7, 1995) (DiBianco, M.J.) (citing Garcia v. Arevalo, No. 93-CV-8147, 1994 WL 383238 (S.D.N.Y. June 27, 1994)).  Plaintiff, herein, requests that the Superintendent's subordinates stop threatening and harassing plaintiff with misbehavior reports.  However, plaintiff's allegations of threats and harassment without more are too speculative to establish irreparable harm.  In addition, without some indication of who these parties are, or that these individuals are parties to this action, the Court is without authority to issue an Order enjoining their alleged actions.

### III.     Motion to Supplement.

Finally, with respect to the Motion to supplement, the Court is aware that the pending Motion to dismiss is directed not at the substance of the Complaint but at the issue of whether plaintiff is barred from bringing this action pursuant to 28 U.S.C. §1915(g).  See DeLeon v. Doe, 361 F.3d 93 (2d Cir. 2004).  Accordingly, the Motion to supplement will be denied, without prejudice, pending a resolution of the pending motion to dismiss.

WHEREFORE, it is hereby

**ORDERED**, that plaintiff's motion to supplement the complaint (Dkt. No. 18) is **DENIED WITHOUT PREJUDICE**, pending a final decision on the pending motion to dismiss; and it is further

**ORDERED**, plaintiff's Motion for injunctive relief (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     July 20, 2007
                  Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

4